# In the United States Court of Federal Claims

**Bid Protest**
**No. 16-427C**
**Filed Under Seal:  July 15, 2016**
**Reissued for Publication:  August 5, 2016**[*]

|  |  |  |
|---|---|---|
| PARCEL 49C LIMITED PARTNERSHIP, | ) ) ) |  |
| Plaintiff, | ) ) | Pre-Award Bid Protest; Motion to Supplement the Administrative Record. |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant, | ) ) |  |
| v. | ) ) |  |
| TRAMMELL CROW COMPANY, | ) ) ) |  |
| Defendant-Intervenor. | ) ) |  |

_Richard J. Conway_, Counsel of Record, Blank Rome LLP, Washington, DC, for plaintiff.

_William J. Grimaldi_, Trial Attorney, _Douglas K. Mickle_, Assistant Director, _Robert E. Kirschman, Jr._, Director, _Benjamin C. Mizer_, Principle Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, _Michael P. Klein_, Assistant Regional Counsel, U.S. General Services Administration, Washington, DC, for defendant.

_Stuart W. Turner_, Arnold & Porter LLP, Washington, DC, for defendant-intervenor.

---

[*] This Memorandum Opinion and Order was originally filed under seal July 15, 2016 (docket entry 59), pursuant to the protective order entered in this action on April 6, 2016 (docket entry 10).  The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted under the terms of the protective order.  The parties filed a joint status report on August 4, 2016 (docket entry 63) stating that they agreed there is no need for redactions.  Accordingly, the Court is reissuing its Memorandum Opinion and Order as originally filed.

**MEMORANDUM OPINION AND ORDER**
**GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S**
**SECOND MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

## I.    INTRODUCTION

In this pre-award bid protest matter, plaintiff, Parcel 49C Limited Partnership ("Parcel 49C"), protests certain determinations made by the General Services Administration in regards to a request for lease proposals to procure office space to house the headquarters of the Federal Communications Commission.  Currently before the Court is Parcel 49C's second motion to supplement the administrative record in this matter with eight categories of documents that Parcel 49C maintains are necessary for effective judicial review.  The government opposes Parcel 49C's motion upon the ground that the requested documents are either already in the administrative record or not necessary for effective judicial review.  For the reasons set forth below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Parcel 49C's second motion to supplement the administrative record.

## II.    PROCEDURAL AND FACTUAL BACKGROUND[1]

### A.    Factual Background

This pre-award bid protest matter involves a dispute about the General Services Administration's ("GSA") evaluation of proposals responsive to the agency's request for lease proposals ("RLP") to house the headquarters for the Federal Communications Commission ("FCC").  Parcel 49C is the current lessor for the FCC's headquarters under a previous lease.  AR at 1450.   Parcel 49C and the defendant-intervenor in this matter, Trammell Crow Company ("Trammell Crow"), submitted proposals in response to the RLP.  AR at 2831-42 (Parcel 49C's revised final proposal revision); AR at 2843-79 (Trammell Crow's revised final proposal revision).  In this action, Parcel 49C challenges, among other things, several requirements in the RLP, including the RLP's requirements for a minimum ceiling height and dual electrical feeds, and the GSA's evaluation of responsive proposals.  *See generally* Second Am. Compl.  In addition, Parcel 49C alleges that an organizational conflict of interest exists with respect to Trammell Crow.  *Id.*

---

[1] The facts recounted in this Memorandum Opinion Order are taken from plaintiff's second amended complaint ("Second Am. Compl.") and the administrative record ("AR").

### B.      Relevant Procedural History

On March 14, 2016, the government filed the administrative record, which it subsequently amended on May 20, 2016.  *See generally* AR.  Thereafter, the parties commenced briefing on their respective cross-motions for judgment upon the administrative record and the government's motion to dismiss.  *See generally* Pl. Mot. for J. on AR; Def. Mot.; Def.-Int. Mot. for J. on AR.

On June 16, 2016, Parcel 49C filed a second motion to supplement the administrative record requesting that eight categories of documents be added to the existing administrative record.  *See generally* Pl. Mot.  On July 1, 2016, the government filed a response and opposition to Parcel 49C's motion.  *See generally* Def. Opp.  On July 5, 2016, the Court stayed further briefing on the parties' cross-motions, pending further consultation with the parties regarding Parcel 49C's second motion to supplement the administrative record.  *See generally* Stay Order, July 5, 2016.

On July 7, 2016, the parties participated in a telephonic status conference to discuss Parcel 49C's motion.  *See generally* July 7, 2016 Telephonic Status Conference Transcript ("Tr.").  During the status conference, the Court issued an oral decision granting-in-part and denying-in-part Parcel 49C's second motion to supplement the administrative record.  Tr. at 40:22-437.  The rationale for the Court's decision is set forth below.

## III.    LEGAL STANDARD

### A.      Supplementing The Administrative Record

The United States Court of Appeals for the Federal Circuit has held that the "focal point" of the Court's review of an agency's procurement decision "'should be the administrative record already in existence, not some new record made initially in the reviewing court.'"  *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  By limiting its review to the "record actually before the agency" the Court guards against "using new evidence to 'convert the 'arbitrary and capricious' standard'" applicable to bid protest actions "'into effectively *de novo* review.'"  *Id.* at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (Fed. Cl. 2000)).  And so, the "parties' ability to supplement the administrative record is limited" and the administrative record should only be supplemented "if the existing record is insufficient to permit meaningful review consistent with the APA."  *Id.* at 1379-81; *see also Caddell Constr. Co., Inc. v. United States*, 111 Fed. Cl. 49, 93 (2013); *DataMill,*

*Inc. v. United States*, 91 Fed. Cl. 722, 732 (2010) (Plaintiff "bears the burden of explaining why the agency-assembled administrative record is insufficient.").

This Court has interpreted the Federal Circuit's directive in *Axiom* to mean that supplementation of the administrative record is permitted to correct mistakes and fill gaps. *L-3 Commc'ns EOTech, Inc. v. United States*, 87 Fed. Cl. 656, 672 (2009). But, supplementation of the administrative record is not permitted when the documents proffered are unnecessary for an effective review of the government's procurement decision. *Id.* And so, supplementation of the administrative record is appropriate when necessary to provide the Court with a record containing the information upon which the agency relied when it made its decision, as well as any documentation revealing the agency's decision-making process. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see also Beta Analytics Int'l, Inc. v. United States*, 61 Fed. Cl. 223, 225 (2004) ("[S]upplementation might be necessary to help explain an agency's decision and thereby facilitate meaningful judicial review of the agency decision, particularly when a subjective value judgment has been made but not explained.") (internal citations omitted); *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 343-44 (2004) (finding that supplementation is warranted when it is missing "relevant information that by its very nature would not be found in an agency record—such as evidence of bad faith, information relied upon but omitted from the paper record, or the content of conversations").

## IV.    LEGAL ANALYSIS

In its second motion to supplement the administrative record, Parcel 49C requests that the following eight categories of documents be added to the administrative record:  1) documents related to the existence of an actual or apparent organizational conflict of interest ("OCI") involving Trammell Crow; 2) documents related to a price evaluation memorandum; 3) documents related to rent overlap and anticipated award and lease effective dates; 4) documents related to the RLP's ceiling height requirement; 5) documents related to the FCC's budget; 6) documents related to the RLP's single-owner requirement; 7) documents related to the GSA's decision to request a revised final cost proposal on April 1, 2016; and 8) documents related to the GSA's formulation of the independent government estimate ("IGE"). *See generally* Pl. Mot.  The government opposes Parcel 49C's motion upon the ground that the aforementioned documents either, do not currently exist, are not relevant to the issues before the Court, or are already contained in the administrative record. *See generally* Def. Opp.

The Court considered the parties' respective arguments with regards to Parcel 49C's second motion to supplement the administrative record during a status conference held on July 7, 2016. For the reasons set forth below, the additional documents sought related to the GSA's formulation of the independent government estimate for the subject solicitation are necessary for effective judicial review. In addition, the government should correct the existing administrative record by adding documents related to the GSA's OCI investigation, once that investigation is complete. Lastly, the remainder of the documents requested by Parcel 49C, to the extent that any of these documents exist, will not aid the Court in resolving the issues presented in this case. And so, for the reasons discussed below, the Court grants-in-part and denies-in-part Parcel 49C's second motion to supplement the administrative record.

### A.      Documents Related To The IGE Are Necessary For Effective Judicial Review

As an initial matter, supplementation of the administrative record with documents related to the formulation of the independent government estimate ("IGE") will facilitate the Court's review of this matter and fill gaps in the existing record. In its second motion to supplement, Parcel 49C requests that the government supplement the administrative record with documents related to the GSA's formulation of the IGE. Pl. Mot. at 6, Ex. 1. In this regard, the current record before the Court includes the final IGE and emails exchanged between the GSA's contract project engineer for this solicitation, Cirilo Paulo, and the GSA's broker for the lease procurement. AR at 329-33. This email chain indicates that Mr. Paulo made changes to the IGE before finalizing the estimate. *Id*. at 329-31.

During the status conference held in this matter on July 7, 2016, the government informed the Court that an earlier draft of the IGE exists and that Mr. Paulo used this draft to formulate and revise the calculations contained within the final IGE. Tr. at 27:3-4, 29:5-8, 31:5-10, 39:12-19. The government further advised that−beyond the draft of the IGE and the documents already included in the administrative record−no other documents regarding the reasoning behind Mr. Paulo's revisions to the IGE exist. Tr. at 39:16-19. To fill this gap in the administrative record, the government has offered to provide the Court with a declaration from Mr. Paulo explaining the considerations that went into the formulation of the IGE.

The Court's review of this matter would be aided by the consideration of the additional documents related to the formulation of the final IGE that have been identified by the government. A central issue in this case is whether the GSA appropriately evaluated Parcel 49C's proposal with

respect to the costs that the government would incur if the FCC were to relocate its headquarters. In particular, the initial draft of the IGE would help to fill the gap in the administrative record regarding how the GSA developed the IGE. *See Axiom*, 564 F.3d at 1379. In addition, Mr. Paulo's declaration would shed further light upon how the GSA revised the IGE. And so, the Court grants Parcel 49C's second motion to supplement the administrative record with these useful documents.

### B.    The Government Should Correct The Record Regarding The GSA's OCI Investigation

While the government does not have an obligation to supplement the administrative record with documents related to the GSA's ongoing investigation into an organizational conflict of interest involving Trammell Crow, the government should correct the administrative record to include these documents once that investigation has concluded. In this regard, Parcel 49C alleges that Trammell Crow is ineligible to be awarded the lease at issue due to an organizational conflict of interest and it seeks to supplement the administrative record with documents related to the alleged OCI. Pl. Mot. at 3, Ex. 1. During the July 7, 2016 telephonic status conference, the government informed the Court that the GSA anticipates completing the investigation into this alleged OCI by July 21, 2016. Tr. at 19:19-25. The government has also advised that it will correct the administrative record to include documents related to the OCI investigation, once the investigation is complete. Tr. at 21:7-9. Given the government's representations to the Court, and the significant relevance of these documents to Parcel 49C's OCI claim, the government should correct the administrative record to include the documents related to the GSA's OCI investigation upon the completion of the investigation.

### C.    The Remaining Documents Requested By Parcel 49C Will Not Aide Effective Judicial Review

Lastly, to the extent that such documents exist, the remaining documents requested by Parcel 49C will not aide the Court in its review of this pre-award bid protest dispute. And so, the Court denies Parcel 49C's motion to supplement the administrative record with these documents.

First, Parcel 49C's request that documents regarding "[a]ny Price Evaluation Memo or similar document" be added to the administrative record is unfounded. Pl. Mot. at 6, Ex. 1. During the status conference held in this matter on July 7, 2016, the government represented that the GSA had not yet drafted a final price evaluation memorandum, because the lease had not yet

been awarded in connection with this solicitation.  Tr. at 34:2-7.  And so, no such document currently exists.

Parcel 49C's requests to supplement the administrative record with documents related to rent overlap and the anticipated award and lease effective dates for the RLP are similarly without merit, because these documents also do not currently exist.  Pl. Mot. at 6, Ex. 1.  As the government states in its opposition to Parcel 49C's motion, there are no documents regarding the GSA's evaluation of rent overlap, because the RLP does not require that the GSA evaluate rent overlap.  Def. Opp. at 7-8; Tr. at 22:1-17.  In addition, the government has also advised that there are no documents that analyze the cost to the FCC with respect to the RLP's minimum ceiling height requirement, because the ceiling height is a minimum requirement under the RLP.  Def. Opp. at 7.  Given this, the Court must deny Parcel 49C's second motion to supplement the administrative record with these documents.

In addition, Parcel 49C fails to show why supplementation of the administrative record is warranted with respect to several other documents that it seeks, because these documents either do not appear to be relevant to its claims or are already included in the administrative record.  First, Parcel 49C seeks to supplement the administrative record with documents related to the FCC's budget.  Pl. Mot. at Ex. 1.  But, Parcel 49C has not demonstrated how the FCC's budget is relevant to the claims in this bid protest litigation.  Second, Parcel 49C also seeks to supplement the administrative record with documents that have already been included in the administrative record.  Specifically, Parcel 49C seeks to add documents to the administrative record related to the RLP's requirement that there be one ownership entity for each offered property.  Pl. Mot. at 4-5, Ex. 1.  But, as the government observed during the July 7, 2016 status conference, these documents are already included in the administrative record.  AR at 1690, 1706, 2807-08, 2850, 2882-83, 2885.  In addition, the documents that Parcel 49C seeks to add to the administrative record regarding the GSA's decision to request second final cost proposal revisions during the evaluation process for the RLP also can be found in the existing administrative record.  AR at 1689, 1707-09.  And so, the Court must also deny Parcel 49C's motion to supplement the administrative record with respect to these documents.

## V.      CONCLUSION

In sum, Parcel 49C has demonstrated that supplementation of the administrative record with respect to documents related to the formulation of the independent government estimate at

issue in this case will facilitate the Court's review of this pre-award bid protest matter.  And so, the government must supplement the administrative record with these documents.  In addition, the government should correct the administrative record to include documents related to the GSA's investigation into an alleged organizational conflict of interest involving Trammell Crow, once that investigation is complete.

Parcel 49C has not, however, met its burden to show that supplementation of the administrative record is warranted with respect to the remainder of the documents that it seeks.  And so, the Court must reject Parcel 49C's request to supplement the administrative record with these documents.

In light of the foregoing, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Parcel 49C's second motion to supplement the administrative record.  It is further **ORDERED** that the government shall supplement and/or correct the administrative record to include documents related to the formulation of the IGE and the GSA's investigation into an alleged OCI involving Trammell Crow according to the schedule set forth in the Court's July 7, 2016 Scheduling Order.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on April 6, 2016.  This Memorandum Opinion and Order shall therefore be filed under seal.  The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication.  The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction on or before **July 29, 2016**.

      **IT IS SO ORDERED.**

 

                                    s/ Lydia Kay Griggsby_____

                                    LYDIA KAY GRIGGSBY

                                    Judge